UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY TAYLOR and<br>REBECCA TAYLOR,<br><br>    Plaintiffs,<br><br> vs.<br><br>HOOK-SUPERX, LLC d/b/a CVS<br>PHARMACY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 3:22-759<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA:

  Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy, by counsel, hereby removes the above-entitled civil action from Miami County Superior Court, Indiana, for this Court to exercise diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

      PROCEDURAL BACKGROUND RELEVANT TO REMOVAL

1. A copy of the docket sheet for the Miami County Superior Court action, with a copy of all current filings as of today, September 9, 2022, is attached hereto and incorporated herein as **Exhibit 1**.

2. On August 4, 2022, Plaintiffs Larry Taylor and Rebecca Taylor (collectively, "Plaintiffs") filed a complaint in the Superior Court of Miami County, Indiana, styled as *Larry Taylor and Rebecca Taylor v. Hook-SupeRx, LLC d/b/a CVS*

1

*Pharmacy*, under Cause No. 52D01-2208-CT-000617 (*see* Plaintiffs' Complaint, attached as **Exhibit 2**).

3. Plaintiffs claims that on March 24, 2021, and thereafter, pharmacy employees at the CVS Pharmacy located at 2 South Broadway in Peru, Indiana, negligently "fill[ed] and dispens[ed] [Plaintiff Larry Taylor's] prescription medication" and "failed to treat him in compliance with reasonable and accepted standards of healthcare and pharmacy services." (**Exhibit 2**, at ¶¶16-17). More specifically, Plaintiffs have alleged that medication was mislabeled and that Plaintiff Larry Taylor's receipt of a medication was delayed. Plaintiffs claim that Defendant's alleged negligence caused various permanent injuries to Plaintiffs. (**Exhibit 2**, at ¶¶28-34).

4. On August 10, 2022, Plaintiffs sent, by certified mail return with receipt requested, a summons and copy of the Complaint to Defendant's registered agent, which Defendant received on August 15, 2022. (*See* **Exhibit 1**, at pp. 13, 26-27). Accordingly, this Notice of Removal is thus timely filed within thirty days of Defendant's "receipt" of "a copy of the initial pleading" in this matter. 28 U.S.C. § 1446(b)(1).

## DIVERSITY OF THE PARTIES

5. According to Plaintiffs' Complaint, Plaintiffs, "at all relevant times," have been "residents of Peru, Indiana, which is located in Miami County, where they lived together as husband and wife." (**Exhibit 2**, at ¶1). In addition, a search of public records confirms that Plaintiffs' primary address is located in Peru,

2

Miami County, Indiana. (*See* Address Cards, appended as **Exhibit 3**). Accordingly, **Plaintiffs are citizens of Indiana**.

6. Defendant is, and was at the time the Complaint was filed, a Delaware limited-liability company. The sole member of Hook-SupeRx, LLC is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business in Rhode Island. Thus, **Hook-SupeRx, LLC is a citizen of Rhode Island**. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002) ("The diversity statute states that a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located." (quoting 28 U.S.C. § 1332(c)(1))); *Cosgrove v. Brotolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its members).

7. As Plaintiffs and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

8. Plaintiffs' Complaint does not specify any amount sought in damages.

9. Plaintiffs' Complaint alleges that Defendant proximately caused permanent injuries to Plaintiff Larry Taylor, including "permanent heart damage" and "an increased risk of recurrent silent ischemic events." (**Exhibit 2**, at ¶¶28-29). Plaintiffs further allege that as a result of the alleged events, Plaintiff Larry Taylor "requires closer cardiology monitoring and follow-up with ongoing guideline directed medical therapy and yearly noninvasive ischemic

evaluations with imaging stress studies. (**Exhibit 2**, at ¶30). Plaintiffs further attribute to Defendant's alleged negligence "a myocardial scar in the distribution of the LAD Diagonal Branch that creates a risk for future ischemic rhythm abnormalities, including the potential for sudden cardiac death." (**Exhibit 2**, at ¶31). Plaintiffs seek to recover for "medical and other related expenses, attorney fees, litigation costs, and/or intangible damages of a nature as to require compensation." (**Exhibit 2**, at ¶32). They claim to have "suffered pain, emotional distress, mental anguish, and loss of enjoyment of life," such that Plaintiffs are also claiming negligent infliction of emotional distress." (**Exhibit 2**, at ¶34).

10. Accordingly, based on Plaintiffs' serious and significant allegations, **the amount in controversy in this lawsuit exceeds $75,000 exclusive of interest and costs**. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction] has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. [citation omitted]. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'").

## THIS COURT HAS JURISDICTION

11. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).

12. Complete diversity exists, and the jurisdiction of this Court is proper as required by 28 U.S.C. § 1332(a) and § 1441(b), as the evidence demonstrates that there is complete diversity of citizenship between Plaintiffs, who are citizens of Indiana, and Defendant, which is a citizen of Rhode Island. *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63 (1941) ("To sustain diversity jurisdiction there must exist an 'actual' 'substantial' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."); *see also Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381 (1998). Additionally, the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

13. Because the state court action was filed in Miami County, Indiana, the District Court for the Northern District of Indiana, South Bend Division is the proper venue. *See* 28 U.S.C. §§ 1441(a) and 94(a)(2).

14. On September 9, 2022, a notice of this filing will be filed in the Miami County Superior Court case via the Indiana State Court electronic filing system and will be served upon all known counsel so as to effectuate removal from the state court docket. A copy of this Notice is appended as **Exhibit 4.**

5

WHEREFORE, Hook-SupeRx, LLC d/b/a CVS Pharmacy, by counsel, respectfully gives notice that this civil action is removed to this Court from the Miami County Superior Court.

Respectfully submitted,

*/s/ Nicholas G. Brunette*
Nicholas G. Brunette (#27042-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-853-7371 | F: 317-228-0943
nbrunette@reminger.com
***Attorney for Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy***

## CERTIFICATE OF SERVICE

I certify that on this day, the 9th day of September, 2022, the foregoing document was filed electronically using the Court's CM/ECF system, which sends electronic notification to all *registered* parties. The foregoing document was also served by United States Mail, on today's date, to:

Tina M. Bell (#21169-02)
Christopher D. Simpkins (#28779-49)
CHRISTIE FARRELL LEE & BELL
951 N. Delaware St.
Indianapolis, IN 46202
Tel.: 317-245-3709
Fax: 317-488-5510
tina@cflblaw.com
chris@cflblaw.com

*/s/ Nicholas G. Brunette*
Nicholas G. Brunette (#27042-49)
REMINGER CO., L.P.A.

6